[ ROBERT STEWART AND WIFE v. VILLAGE OF
RUTLAND.

*Consequential Damages.    Taking Land for Sewer Purposes.
Nuisance.*

Commissioners appointed by the court to appraise the damages for the taking of
land for sewer purposes by an incorporated village, have power to award dam-
ages only for the actual taking of land, and not consequential damages result-
ing from a nuisance created by the discharge of sewage, where the village
charter prescribes no rule for the assessment, and does not determine what
shall constitute elements of damage.

COMMISSIONERS' report as to amount of damages the peti-
tioners are entitled, caused by the taking of land for sewer
purposes.   Heard September Term, 1885, VEAZEY, J., pre-
siding.   Judgment *pro forma* that the petitioners recover
the larger sum named in the report.

The commissioners reported: That the village of Rutland
by its trustees constructed the sewer in question; that it
was so constructed as to empty or discharge upon the land
of the petitioners; that damages were awarded therefor;
that the principal claim made before them was for "dam-
ages arising from the fact that the sewer was left to empty
or discharge upon the petitioners' land, and had so emptied
and discharged"; "that considerable damage had come to
the petitioners by reason that said sewer so emptied or dis-
charged upon said land"; and it was claimed that the dam-
ages should be assessed with a view that the sewer was per-
manent, and would continue to be discharged upon said
land.   The first hearing before the commissioners was con-
tinued in order that the village might "take up said sewer
from a certain distance at the lower end, and so relay it as

Stewart v. Rutland.

to carry it away from the land of the petitioners, excepting as to the upper portion of said land, where the presence or existence of the sewer was not objectionable, and to so extend it that the discharge thereof would not be upon the lands of the petitioners." At the second hearing it was conceded that said proposed changes had been made by the village.

"Notwithstanding said suggestions and proposition, and the aforesaid action by us in consequence thereof, it was seasonably claimed by the village of Rutland that in our consideration of this case we should limit ourselves to the direct damages caused by the laying of said sewer, and that we should exclude from our considerations and assessment any real or supposed damages coming to the petitioners from or in consequence of said sewer discharging upon their said land. While on the part of the petitioners it was insisted that our considerations and assessment should not only cover the direct damages aforesaid, but should also include the damages coming to them from the said discharge of said sewer upon their said land. In view of the claims aforesaid of the parties, we find and report as follows as to the amount of the petitioners' damages in this cause: We find and assess the damages of the petitioners, by reason of the laying and building of said sewer, taking into consideration the fact that said sewer discharged as aforesaid upon their said land, and also all other facts proper to be considered by us, and having in mind the facts aforesaid as to the changes made in said sewer between June 29th and July 31st, at the sum of $150. And excluding from our consideration and assessment the damages coming to the petitioners solely on account of the fact that said sewer discharged upon the lands of the petitioners, we assess their damages by reason of the laying and building of said sewer at the sum of $15."

*Walker & Swinington,* for petitionee.

*Redington & Butler,* for petitioners.

This is a petition to the Rutland County Court for a re-assessment of damages to the petitioners under section 51 of the amended charter of the village of Rutland, by reason of said village having taken certain land belonging to said petitioners for sewers and sewer purposes.

The sewer was laid and constructed under a vote of the village; and they awarded as damages to the petitioners the sum of $10. The petitioners were dissatisfied, and took a proper appeal to the County Court.

If the commissioners are to take into consideration the size, shape, location, and material of which the sewer was constructed, and kind of sewer built, they should also take into consideration the fact that it is a sewer and what is expected to pass through it, the fact that it may need repairs, the length of the sewer upon the land taken, the amount of land taken, and the termination of the sewer, or where it will deposit the sewage.

Suppose the trustees had made at the lower end of this sewer a large receiving pond or well-hole, or blind pit or well, into which it emptied its contents, and this blind well had taken a large area of plaintiffs' land of great value, Is there a doubt but what such land so taken would come within the purview of the statute as to taking the land for the construction, maintenance, and repair of the sewer? *Winn* v. *Rutland,* 52 Vt. 482.

It is held in case of a railroad that when by the building of the road it destroyed a plank road, and compelled the landowner to build a new one to enable him to get out, that the company was liable for the expense of the new road. *Brainard* v. *Missisquoi R. R. Co.,* 48 Vt. 107; *Courser* v. *Vermont Central R. R. Co.,* 25 Vt. 476; Dill. Mu. Corp., ss. 616, 635, 1047. The plaintiffs should not be compelled to resort to an action to recover the damages.

The opinion of the court was delivered by

ROWELL, J. This case is very meagerly presented to us; but from the commissioners' report and the petitioners' brief—the only papers furnished us—as well as from the drift of the argument, we gather that $135 of the larger sum awarded as damages were in fact awarded, not for the actual *ta'cing* of land for the discharge of sewage, but for a nuisance created by such discharge from 1883, when the sewer was built, to July, 1885, when its location was changed pending the hearing before the commissioners. All damage for the actual *taking* of land for sewer purposes we understand to be covered by the smaller sum of $15 allowed as damages.

If we are right in our understanding of the case, it is clear that the petitioners can recover only the smaller sum.

The village charter—Sts. 1882, No. 204—does not prescribe any rule for the assessment of damages, nor determine what shall constitute elements of damage, except that land-owners may be assessed for benefits, but provides in general terms for such compensation as damages as the trustees shall award, and on re-assessment, that the commissioners shall examine the premises and the circumstances of the case, and make a new appraisal, and that on their report the County Court may set aside the former assessment, and render judgment for such sum as appears just.

Now in this State the course is when private property is taken for public use by the exercise of the right of eminent domain, and no different rule is prescribed by statute, to limit compensation to damages sustained by the actual *taking* of the property, excluding all merely indirect and consequential damages. *Hatch* v. *Vermont Central R. R. Co.* 25 Vt. 49; *Sabin* v. *Vermont Central R. R. Co.* 25 Vt. 363; *Richardson* v. *Vermont Central R. R. Co.* 25 Vt. 465.

The same rule prevails generally in this country. Sedgw. on Const. and Stat. Law (2d ed.), 454, *et seq.*, and Pomeroy's notes.

But a different rule prevails in England by statute. Section 68 of the Lands Clauses Act, 8 Vict. c. 18, provides for "compensation in respect of any lands, or of any interest therein, which shall have been taken for, or *injuriously affected* by, the execution of the works," etc.

But this section is held to have reference only to cases in which a party is injuriously affected by reason of acts *unauthorized* to be done by a public company in pursuance of the provisions of its own private act, and as inapplicable to cases in which the injury complained of may be compensated by recourse to an action at law for damages, as it may be when resulting from acts not authorized by statute. This result is reached by applying what is considered a universal rule, applicable to this class of statutes, that statutory compensation is given for damages arising from acts authorized by statute; that is, in effect, for taking away the common law right of action of the party injured in that behalf. *Broadbent* v. *The Imperial Gas Co.* 7 DeG. M. & G. 436; s. c. affirmed, 7 H. L. Cas. 600. In that case the defendant was perpetually enjoined from the further manufacture of gas in a manner injurious to plaintiff's crops, on the ground that such manufacture was unauthorized by statute. In the course of his opinion, delivered on behalf of himself and Mr. Justice CROMPTOM, sitting as advisory to the Lord Chancellor, Mr. Justice WILLES, by way of illustration, put a case contemplated as possible by the Gas Works Clauses Act, 1847, in which the compensation clause of the Lands Clauses Act would be wholly inoperative, namely, that of a public nuisance caused by making or supplying gas. In such a case, he said, if the compensation clause was applicable, the company, after being compelled to compensate by anticipation all private injuries occasioned, or to be occasioned, by the nuisance, would still be liable to indictment, even upon the prosecution of any of the persons so compensated, which would be absurd.

And it is further held under said section of the Lands

Clauses Act that in order to entitle a party to compensation thereunder, the injury must be done to the land, or to some interest therein, and that a mere personal injury, though connected with the enjoyment of particular land, is not a ground of compensation. *Ricket* v. *Metropolitan Railway Co.* 2 L. R., H. L. Cas. 175; *Regina* v. *Metropolitan Board of Works,* 4 L. R., Q. B. 358.

This principle is applicable to the case at bar. The gist of the petitioners' complaint is for a personal injury, in that the rest of their premises are rendered less enjoyable by reason of the noxious discharge of the sewer. This is a damage *ultra* the taking of land, for which compensation, if obtainable at all, must be sought in some other way.

Judgment reversed, and judgment on the report for the petitioners for the smaller sum, with costs to the defendant in this court.